Compiled

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT

2012 JUN 22 PM 4: 31

CLERK OF COURT
BY

PEOPLE OF GUAM,                    )          Criminal Case no. CM0380-09
                                   )
                                   )
              v.                   )
                                   )          **DECISION AND ORDER**
                                   )          re: *sua sponte* Reconsideration
KARSON K. HARPER,                  )
                                   )
                                   )
                         Defendant. )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 3, 2012. The People are represented by Assistant Attorney General James C. Collins. The Defendant is represented by Assistant Public Defender Suresh Sampath. After reconsidering the matter presented, the Court issues the following decision and order dismissing the charges against the Defendant because he was not promptly arraigned.

## BACKGROUND

On May 11, 2009, a complaint was filed which charged the Defendant with Driving Under the Influence of Alcohol (as a Misdemeanor) and Driving Under the Influence of Alcohol (B.A.C.) (as a Misdemeanor). On October 11, 2011, Defendant filed a motion to dismiss the complaint arguing that he was not promptly arraigned. On March 30, 2012, the Court denied the Defendant's motion to dismiss finding that the People have shown good cause for the delay in the arraignment of the Defendant.

## DISCUSSION

Reconsideration in criminal cases is permitted and regulated by Rule 7.1(i) of the Local Rules of The Superior Court of Guam, Civil Rules.[1] Super. Ct. Guam Rules 1.1 and 7.1(i) (2008). Rule 7.1 provides,

> A motion for reconsideration of the decision on any motion may be made only in accordance with the Guam Rules of Civil Procedures. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.* at 7.1(i). In a 2005 criminal case, the Supreme Court of Guam, citing a holding from a previous civil case, explained that "'[t]his court has adopted three prongs to justify reconsideration: where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *People of Guam v. Gutierrez*, 2005 Guam 19, ¶41 (citing *Petition of Quitugua v. Flores*, 2004 Guam 19, ¶ 38).

Rule 60(b)(1) of the Guam Rules of Civil Procedure grants a court the discretion to relieve a party from a final order for reason of mistake, inadvertence, surprise, or excusable neglect. *Brown v. Eastman Kodak Co.*, 2000 Guam 30, ¶32. Further, relief under Rule 60(b)(1) is limited to situations where the error is simple mistake or inadvertence such as overlooking controlling statutes or case law. *In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir.1984). The purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct obvious errors of law without forcing the parties to engage in the machinery of appeal." *U.S. v. 329.73 Acres of Land, More or Less, Situated in Grenada and Yalobusha Counties, State of Miss.*, 695 F.2d 922, 925 (5th Cir. 1983).

---

[1] Rule 1.1 of the same rules applies the local rules to the criminal actions. Super. Ct. Guam Rule 1.1 (2008).

In the instant case, the Court erred when it found that there was good cause shown for the delay of Defendant's arraignment. Although the Court stands by its decision regarding a finding of good cause for delay in an arraignment where a Defendant has continuously failed to appear, the Court erred in its March 30, 2012 decision because the Defendant was summoned to appear after the 60-day arraignment period. For this reason, the Court reconsiders the Defendant's motion to dismiss.

Under Guam law, a "defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15." 8 GCA § 60.10(a). Furthermore, the Supreme Court of Guam held, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14. The Court also held that the "standard continues to require a case by case analysis of whether or not the "specific circumstances" of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

Defendant argues the complaint should be dismissed because he was arraigned approximately two years after the complaint was filed. Defendant also argues that there is no showing of "good cause" for the delay. On the other hand, the People argue there was "good cause" for the delay for the following reasons: (1) the People retain no control over the Court's decision about when to calendar the date on which a defendant is to return to court; (2) the Defendant failed to appear on numerous occasions; and (3) the Defendant needed to consult with his attorney.

The complaint in this case was filed on May 11, 2009, and a summons was issued directing the Defendant to appear on July 29, 2009. The Court notes however, by July 29, 2012

it was already nineteen (19) days past the 60-day limit. This is significant because the 60-day speedy arraignment deadline set by the Supreme Court of Guam was violated due to the fact that the Defendant was not promptly arraigned within the 60-day limit. Furthermore, similar to an alleged violation of speedy trial rights, the burden rests with the People to prove that there is good cause to extend the period of arraignment beyond the 60-day rule. *State v. Feldhacker*, 663 N.W.2d 143, 146 (Neb. App. 2003). The arraignment issue is analogous to the speedy trial issue, in the instant case, because there must be "good cause" to go beyond the 60-day rule.

The People maintain that once a request for a summons is presented the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court. Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. Guam's Supreme Court however makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). Since the onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14.

The Court finds that dismissal should be with prejudice. The Supreme Court of Guam applied the statutory speedy trial time period in *Rasauo II*. This is significant because when a

Defendant's right to a speedy trial is violated the action against that Defendant is dismissed with prejudice. It is not unreasonable to apply the same rule in the instant case.

Furthermore, similar to *Rasauo II* where the Defendant, "sought pre-trial relief when he filed a motion to dismiss before the trial court . . . [the Defendant is] not required to show prejudice from the delay." 2011 Guam 14 ¶ 15. Thus, the Defendant is not required to show that he was prejudiced from the delay in the instant case because the case is in pre-trial stage. The Court reiterates that it is the duty of all courts and judicial officers (including the Prosecution) to expedite such proceedings to the greatest degree. See 8 GCA § 80.50(a). Thus, the Court finds that because (1) speedy trial violations result in dismissal with prejudice; (2) the Defendant does not have to show prejudice from the delay; and (3) it was the duty of all court and judicial officers to promptly arraign the Defendant, dismissal with prejudice is appropriate.

## CONCLUSION

Based on the foregoing, the Court finds that it committed error in its previous decision and order. The Court also finds that the People have not shown good cause for the delay of the Defendant's arraignment. Thus, the Court GRANTS the Defendant's motion to dismiss with prejudice.

SO ORDERED, this 28 day of _June_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 28 2012

James R. Borja
Deputy Clerk, Superior Court of Guam